IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL ACTION NO. ) 6:15-cv-186-O2L-40TBS |
| RESCUE TEES.COM, LLC | ) JURY TRIAL DEMANDED ) |
| and | ) ) |
| THERESA MEYER, | ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, International Association of Fire Fighters (hereafter referred to as "IAFF"), by its attorneys, complains and alleges against defendants Rescue Tees.com, LLC, (d/b/a "Rescue Tees.com", and hereafter referred to as "Rescue Tees") and Theresa Meyer as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over all causes of action set forth herein is conferred on this Court by 28 U.S.C. §1331, 28 U.S.C. § 1338, 15 U.S.C. §1121, and 28 U.S.C. § 1367(a).

2. Venue lies within this district pursuant to 28 U.S.C. §1391(b) and (c).

### PARTIES

3. Plaintiff IAFF is an unincorporated labor organization with its offices and principal place of business at 1750 New York Avenue, NW, Washington, D.C. 20006.

4. On information and belief, defendant Rescue Tees.com, LLC, is a Michigan limited liability company with a place of business at 3600 Commerce Boulevard, Kissimmee, FL, 34741.

5. On information and belief, defendant Theresa Meyer is the owner of Rescue Tees.com, LLC, with a residence at 722 Wildwood Drive, New Smyrna Beach, FL, 32168.

## STATEMENT OF FACTS

6. Plaintiff IAFF is a labor organization that represents fire fighters and first responders in the United States and Canada. The IAFF is dedicated to the mutual protection and advancement of the general welfare of its members and their interests.

7. Plaintiff IAFF has over 300,000 individual members throughout the United States and Canada, including about 25,000 members in the State of Florida.

8. Plaintiff IAFF adopted the name "INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS" and the "IAFF" acronym at its creation on February 28, 1918 and has used these two marks continuously in commerce in association with the IAFF's operations. Plaintiff is the owner of the goodwill associated with the name and trademarks "International Association of Fire Fighters" and "IAFF" both in the United States and Canada.

9. The IAFF logo has been used in commerce in association with the IAFF's operations continuously since at least July 1961. Plaintiff IAFF is the owner of the goodwill associated with the IAFF logo both in the United States and Canada.

10. Plaintiff IAFF offers many products bearing its distinctive name and logo for sale through its website at www.iaff.org, as well as through an IAFF supply order form mailed to IAFF members.

11. As a result of the IAFF's goodwill, reputation, and the services it provides to members, as well as its sales and advertising of products containing the IAFF trademark, the IAFF trademarks have become widely and favorably known as identifying a symbolic

membership status, originating exclusively from the IAFF, as well as identifying high quality goods.

12. Some of the products available for sale through the IAFF's website include decals and lapel pins bearing the IAFF's name, acronym, and logo. A screencapture of the IAFF's website showing some of the decals and lapel pins for sale is attached as Exhibit 1.

13. Since the items were first introduced into the market, the IAFF has sold tens of thousands of IAFF lapel pins and decals.

14. The IAFF has widely advertised and promoted the sale of its decals and lapel pins under the distinctive IAFF trademark, both on the products and in advertising for the products.

15. The IAFF applied for and obtained a registration for a trademark of its entire IAFF logo (the design, words, and letters) for the manufacturing and sale of jewelry and bumper stickers and decals, among other purposes, on the Principal Register of the United States Patent and Trademark Office, specifically U.S. Registration No. 2,752,624 (attached hereto as Exhibit 2). This mark was registered on August 19, 2003 and renewed on March 8, 2014.

16. The IAFF applied for a trademark and service mark registration for the acronym "IAFF" for the manufacturing and sale of jewelry and bumper stickers and decals, among other purposes, on the Principal Register of the United States Patent and Trademark Office, specifically U.S. Registration No. 2,694,781 (attached hereto as Exhibit 3). This mark was registered on March 11, 2003 and renewed on March 24, 2013.

17. The IAFF also applied for and obtained a trademark registration for the words "International Association of Fire Fighters" for the manufacturing and sale of jewelry, among other purposes, on the Principal Register of the United States Patent and Trademark Office,

specifically U.S. Registration No. 2,475,251 (attached hereto as Exhibit 4). This mark was registered on August 7, 2001 and renewed on September 28, 2011.

18. The IAFF's trademarks are distinctive and have come to symbolize the IAFF's goodwill and reputation in the minds of the public.

19. At all times material herein, defendants Rescue Tees and Theresa Meyer have distributed and sold, in the United States, decals and lapel pins bearing the distinctive trademark "IAFF" as well as the entire IAFF logo and the words "International Association Fire Fighters, AFL-CIO, CLC." These decals and lapel pin are sold through defendants' website at www.rescuetees.com, through Amazon.com, and through eBay.com. Screencaptures of the Rescue Tees website showing the decals and lapel pin with the IAFF trademarks sold by defendants is attached as Exhibit 5. Screencaptures of Amazon.com showing the decals and lapel pin with the IAFF trademarks sold by defendants is attached as Exhibit 6. Screencaptures of eBay.com showing the decals with the IAFF trademarks sold by defendants is attached as Exhibit 7.

20. On information and belief, defendants, without license or authority from plaintiff, willfully violated the IAFF's rights by manufacturing, marketing, distributing, offering for sale, and selling, in interstate commerce, including within the State of Florida, decals and lapel pins bearing the IAFF's registered trademarks.

21. In April 2014, after receiving a complaint from a member that defendants were selling products bearing the IAFF name and logo, plaintiff sent a cease and desist letter (Exhibit 8) demanding that defendants immediately stop selling these products. A second cease and desist letter was sent via certified mail and delivered to defendant Meyer on June 2, 2014 (Exhibit 9).

22. Shortly thereafter, upon information and belief, defendants complied with the IAFF's demands and ceased selling merchandise bearing the IAFF's trademarks.

23. On October 21, 2014, however, plaintiff IAFF discovered that defendants were again selling merchandise with the IAFF's trademarks on Amazon.com. The products are again available for purchase on the Rescue Tees website and on eBay.com, as well.

24. Defendants' labeling of decals and lapel pins with the mark "IAFF" and "International Association of Fire Fighters" and using the IAFF logo is intended to and is likely to cause confusion in the marketplace in that actual and prospective customers—including IAFF members such as the one who contacted the IAFF regarding defendants' products—are likely to believe that defendants' IAFF symbol and mark originates from or is authorized by the IAFF.

25. In fact, in the reviews for one of the decals bearing the IAFF's trademarks sold by Rescue Tees on Amazon.com (the "IAFF Red Reflective Decal – 4 in. Decal"), an individual who has made a "verified purchase" writes "I bought this for my wife's car after receiving a different one from my union president for my vehicle." (A screencapture of the Amazon.com reviews of the "IAFF Red Reflective Decal – 4 in. Decal" is attached as Exhibit 10.) It is clear from this statement that defendants' products are in competition with the IAFF's products, and the defendants' use of the IAFF marks is likely to cause confusion in the marketplace.

26. By reason of the defendants' conduct, the IAFF has and will suffer damage to its business, reputation, and goodwill, as well as the loss of sales and profits it would have made but for the action of the defendant. Unless restrained and enjoined, defendants will continue to do the acts complained of herein, all to the IAFF's irreparable harm. The IAFF's remedy at law is not adequate to compensate it for the injuries that the IAFF has incurred and will continue to incur.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

27. Plaintiff IAFF adopts, and incorporates by reference herein, paragraphs 1 through and including 26, of this Complaint.

28. Plaintiff IAFF is the present owner of all right, title, and interest in and to the U.S. Registration Nos. 2,475,251 ("International Association of Fire Fighters"); 2,694,781 ("IAFF"); and 2,752,624 (the IAFF logo).

29. Defendants have been and are intentionally infringing the IAFF's trademarks by selling, offering for sale, distributing, and advertising IAFF decals and lapel pins under an identical or confusingly similar mark to the IAFF's mark.

30. Defendants' use of said identical or confusingly similar mark in commerce, without permission or authority from the IAFF, is intended to and is likely to cause confusion, cause mistake, or deceive.

31. The actions and omissions of defendants alleged herein are in violation of 15 U.S.C §1114.

32. Absent the full relief sought in this action, including an injunction issued by this Court, defendants will continue to infringe the IAFF's marks and to cause the IAFF irreparable harm.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125(a)

33. Plaintiff adopts and incorporates by reference herein, paragraphs 1 through and including paragraph 32, of this Complaint.

34. Plaintiff IAFF is the present owner of all right, title, and interest in and to the U.S. Registration Nos. 2,475,251 ("International Association of Fire Fighters"); 2,694,781 ("IAFF"); and 2,752,624 (the IAFF logo).

35. Defendants have been and are intentionally using the designation "IAFF" in connection with the sale, distribution, and advertising of IAFF decals and lapel pins by using an identical or confusingly similar mark to the IAFF's mark.

36. The use of the IAFF's trademarks in conjunction with decals and lapel pins that are distributed, sold, and offered for sale by defendants is intended to and is likely to cause confusion, cause mistake, or deceive the trade and the public, leading them to believe that defendants' decals and lapel pins originate with the IAFF or that the IAFF has approved or sponsored the manufacture and sale of defendants' products.

37. The conduct of defendants in using the IAFF's trademark without proper authorization creates a false designation of origin or a false description or representation as to the source of defendants' products, so that the purchasing public, distributors, and others may mistakenly believe that the decals and lapel pins distributed and sold by defendants are, in fact, manufactured or authorized by the IAFF.

38. The conduct of defendants in the unauthorized use of the IAFF's trademark on decals and lapel pins sold by the defendants constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

39. The IAFF has no adequate remedy at law.

40. Absent the full relief sought herein, including an injunction issued by this Court, defendants will continue to carry out such unlawful acts resulting in irreparable harm to the IAFF.

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

41. Plaintiff adopts and incorporates by reference herein paragraphs 1 through and including 40, of this Complaint.

42. This cause of action arises under the common law of trademark infringement in the State of Florida.

43. Since at least 1961, the IAFF has substantially, continuously and exclusively used its trademarks on or in connection with lapel pins, decals, and with a variety of similar goods in intrastate and interstate commerce throughout the United States, including in the Middle District of Florida.

44. The IAFF owns all right, title, and interest to the IAFF trademarks for use in connection with decals and lapel pins.

45. The unauthorized use by defendants of the IAFF trademarks is intended to and is likely to cause confusion, to cause mistake or to deceive, in that customers and others would be falsely led to believe that the decals and lapel pins produced, advertised, and offered for sale by defendants bearing the IAFF trademark originate from the IAFF.

46. The acts of defendants complained of herein unlawfully infringe the common law trademark rights of the IAFF in and to its IAFF trademark design.

47. The IAFF is without adequate remedy at law.

48. Absent the full relief sought in this action, including an injunction issued by this Court, defendants will continue to infringe the IAFF's marks and to cause the IAFF irreparable harm.

## FOURTH CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

49. Plaintiff adopts and incorporates by reference herein paragraphs 1 through and including 48, of this Complaint.

50. This cause of action arises under the common law of unfair competition in the State of Florida.

51. Since at least 1961, the IAFF has substantially, continuously, and exclusively used its trademark on or in connection with lapel pins, decals, and with a variety of similar goods in intrastate and interstate commerce throughout the United States, including in the Middle District of Florida.

52. Plaintiff IAFF's decals and lapel pins, bearing plaintiff's name and logo, are offered and advertised for sale through the IAFF's website at www.iaff.org as well as through an IAFF supply order form mailed to IAFF members. These are distributed throughout the United States, including the Middle District of Florida.

53. The IAFF's marks are distinctive and have come to symbolize the IAFF's goodwill and reputation in the minds of the public, as well as identifying a symbolic membership status, originating exclusively from the IAFF.

54. The defendants have used the IAFF's trademarks without authorization on or in conjunction with decals and lapel pins for sale on the internet, using the same channels of commerce as, and in competition with, the plaintiff.

55. As a consequence of the defendants' actions, customer confusion as to the source of the goods offered is likely and in fact inevitable.

56. The acts of defendants complained of herein constitute common law unfair competition pursuant to the common law of the State of Florida, and defendants have engaged in these acts of unfair competition in a willful, wanton and malicious manner.

57. The IAFF is without adequate remedy at law.

58. Absent the full relief sought herein, including an injunction issued by this Court, defendants will continue to carry out such unlawful acts resulting in irreparable harm to the IAFF.

## FIFTH CAUSE OF ACTION
## DILUTION UNDER FLA. STAT. § 495.151

59. Plaintiff adopts and incorporates by reference herein paragraphs 1 through and including 58, of this Complaint.

60. The IAFF owns all right, title, and interest to the trademarks for the IAFF name and logo.

61. The IAFF's marks are famous in the State of Florida because they are distinctive and have come to symbolize the IAFF's goodwill and reputation in the minds of the public, and because they have been used in commerce, including in the State of Florida, in association with the IAFF's operations continuously since at least July 1961.

62. The conduct of defendants in the unauthorized use of the IAFF's trademarks on decals and lapel pins sold by the defendants constitutes dilution under Fla. Stat. § 495.151. There exists a likelihood of injury to plaintiff because the defendants' unauthorized use of the plaintiffs' marks will lessen the uniqueness those marks.

63. Defendants willfully intended to trade on plaintiff IAFF's reputation through its advertisement and sale of decals and lapel pins bearing the IAFF's distinctive marks.

64. The IAFF is without adequate remedy at law.

65. Absent the full relief sought herein, including an injunction issued by this Court, defendants will continue to carry out such unlawful acts resulting in irreparable harm to the IAFF.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court grant relief against the defendants as follows:

1. That the defendants, their principals, agents, servants, employees, attorneys, successors, and assigns, and all persons in privity, active concert, or participation with defendants, be permanently enjoined from:

   a. imitating, copying, or making unauthorized use of the IAFF's distinctive trademark or any other confusingly similar mark;

   b. distributing, processing, circulating, selling, offering for sale, advertising, promoting, or displaying any lapel pins, decals, or related products bearing any simulation, reproduction, copy or colorable imitation of the IAFF's distinctive trademark;

   c. using any simulation, reproduction, counterfeit, copy, or colorable imitation of plaintiff's IAFF trademark in connection with the promotion, advertisement, display, sale, offering for sale, manufacturing, processing, production, circulation, or distribution of lapel pins, decals, or related products in such fashion as to relate or connect such product in any way to the IAFF or to any goods sold, manufactured, sponsored, approved by, or connected with the IAFF;

   d. engaging in any activity constituting an infringement of the IAFF's trademark or rights to use or exploit the same;

 e. using any false designation of origin or false description which can, or is likely to, lead the trade or public to believe that any lapel pins, decals, or related product, distributed or sold by defendants, is in any manner associated with the IAFF, or is sold, manufactured, licensed, sponsored, approved, or authorized by the IAFF.

2. That the Court issue a declaratory judgment, findings of fact and conclusions of law, holding:

 a. That defendants have infringed on the IAFF's rights in and to the IAFF's federal IAFF trademark registration, have engaged in false designation of origin, and have unfairly competed with the IAFF by the acts complained of;

 b. That defendants have infringed on the IAFF's trademark under Florida common law by the acts complained of;

 c. That defendants have unfairly competed with the IAFF under Florida common law; and

 d. That defendants intended to trade on and dilute the IAFF's marks in violation of Fla. Stat 495.151.

3. That, with respect to each of the causes of action set forth in this Complaint, the defendants be ordered and required to account for and pay to the IAFF any and all profits derived by defendants and damages sustained by the IAFF by reason of defendants' trademark infringement, false designation of origin, unfair competition, and dilution, including the IAFF's lost profits due to defendants' sales of goods which infringe the trademark asserted herein;

4. That the IAFF be awarded treble damages for defendants' willful and wanton violation of the IAFF's rights, pursuant to 15 U.S.C. § 1117(b);

5. That the IAFF be awarded punitive damages under Fla. Stat. § 768.72 because the defendants' actions constitute intentional misconduct or gross negligence;

6. That the IAFF be awarded its attorneys' fees and costs under 15 U.S.C. § 1117 and other provisions of applicable law, by virtue of the exceptional circumstances of this case and/or because of defendants' willful conduct;

7. That defendants be ordered and required to destroy its inventory of the goods complained of; and

8. That the IAFF be granted such other legal and equitable relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial for all claims raised in this Complaint.

Dated: February 6, 2015

Respectfully submitted,

Richard Siwica
Florida Bar No. 377341
EGAN, LEV & SIWICA, P.A.
P.O. Box 2231
Orlando, FL 32802
(407) 422-1400 (Telephone)
(407) 422-3658 (Facsimile)
rsiwica@eganlev.com

Douglas L. Steele*
Sara Conrath*
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave, N.W., Suite 1000
Washington, D.C. 20005
Phone: (202) 833-8855
dls@wmlaborlaw.com
sac@wmlaborlaw.com

*Attorneys for Plaintiff*
* *Pro Hac Vice* Motion to be Filed